UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA KETCHEM,                         )
                                        )
                        Plaintiff,      )
                                        )        CAUSE NO. 3:07-CV-316 WL
            v.                          )
                                        )
J. DAVID DONAHUE, *et al.*,             )
                                        )
                        Defendants.     )

OPINION AND ORDER

Joshua Ketchem, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. In it he names seven defendants (though it is not entirely clear which, if any, of the defendants are alleged to have been personally involved with each of the alleged acts or omissions). He also lays out six distinct  headings for his claims, most with sub-claims (though it is not entirely clear that he has been personally subjected to or injured by each of these claims). Here is a summary outline of his claims:

I. Medical Care/Food
    1. Weight loss due to small portion sizes
    2. Refusal to serve medically required no-onion diet
II. Disciplinary Programs
    1. Limited access to purchase food from commissary
    2. Paper mirrors for shaving
    3. Lack of access to over-the-counter medications
    4. Expensive miniature soap and shampoo
    5. Hot and cold showers
    6. Restrictions on possession of pornographic magazines
    7. Confiscation and disposal of property purchased in while in general population
III. Access to Courts/Legal Mail
    1. Restricted access to law library materials
    2. Violating confidentiality of legal mail
IV. Mental Health Patients Housed with Non-Mental Health Inmates
V. Sanitation and Laundry
    1. Uncleaned ranges, showers, and recreation areas
    2. Lack of cleaning supplies to clean cells

        3. Lost laundry
        4. Destruction of laundry as punishment
   VI. Grievance Procedures
        1. Unresponsive to grievances
        2. Retaliation for filing grievances
        3. Preventing access to the court by delaying grievances.

This is a buckshot complaint and it is unacceptable.

> A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*George v. Smith*, ___ F.3d ___, ___, 2007 U.S. App. LEXIS 26128, 4-5 (7th Cir. 2007).

> The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*George v. Smith*, ___ F.3d ___, ___, 2007 U.S. App. LEXIS 26128, 2-3 (7th Cir. 2007).

This case is similar to *George* in that Ketchem is attempting to improperly bring unrelated claims in a single case. As instructed by *George*, the district court must question this and reject it.

Therefore the original complaint will be stricken with leave to file an amended complaint

incorporating only related claims. Ketchem may bring only properly related claims in this case. Unrelated claims must be brought in separate cases.

For the foregoing reasons, the court:

(1) **STRIKES** the complaint (DE 1);

(2) **GRANTS** Joshua Ketchem to and including January 30, 2008 to file an amended complaint containing only related claims; and

(3) **CAUTIONS** Joshua Ketchem that if he does not respond by that deadline, this case will closed without further notice.

SO ORDERED.

ENTERED: December 18 , 2007

 s/William C. Lee
William C. Lee, Judge
United States District Court

3