UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA KETCHEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:07-CV-316 WL |
| v. ) | |
| ) | |
| J. DAVID DONAHUE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Joshua Ketchem, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Ketchem alleges that he has been denied adequate food to meet his minimum caloric requirements. He alleges that as a result, he has lost significant weight and that doing so has been unhealthy. He also alleges that he has been served food containing onions even though he is allergic

2

to onions and has a medically prescribed no onion diet. He does not state how tall he is nor what if any injury he suffered from having eaten onions.

Ketchem names three defendants. ARAMARK is the contract food service provider and is alleged to have provide him with an inadequate diet. Commissioner J. David Donahue is alleged to have signed the contract with ARAMARK. Superintendent William Wilson is alleged to know about Ketchem's concerns with ARAMARK.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). Giving Ketchem the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against ARAMARK who is alleged to have prepared his meals and William Wilson who is alleged to have personal knowledge of his meals.

On the other hand, he has not stated a claim against Commissioner J. David Donahue.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what

3

>they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Ketchem does not allege, and based on this complaint it would not be reasonable to infer, that Commissioner Donahue had any personal knowledge of his actual meals. The only allegation is that Commissioner Donahue signed the contract with ARAMARK. This does not state a claim.

For the foregoing reasons, the court:

(1) **GRANTS** Joshua Ketchem leave to proceed against ARAMARK and Superintendent William Wilson for monetary damages and injunctive relief on his Eighth Amendment claim that he was served inadequate quantities of food and food to which he was allergic;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Commissioner J. David Donahue; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that ARAMARK and Superintendent William Wilson respond, within 20 days as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: March   11  , 2008

    S/William C. Lee
William C. Lee, Judge
United States District Court

4