UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JOSHUA KETCHEM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 3:07cv316 |
|  | ) |  |
| J. DAVID DONAHUE et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

This matter is before the court on a "Motion for Partial Judgment on the Pleadings" filed by the defendant William Wilson ("Wilson") on May 14, 2008. The plaintiff, Joshua Ketchem, proceeding pro se, has not responded to this motion.

Also before the court is a "Motion for Judgment on the Pleadings" filed by the defendant Aramark Correctional Services, LLC ("Aramark") on June 30, 2008. Ketchem responded to the motion on July 28, 2008, to which Aramark replied on August 4, 2008.

For the following reasons, both motions will be granted.

Discussion

Ketchem is a state prisoner incarcerated by the Indiana Department of Correction ("DOC") at the Westville Correctional Facility ("WCF") and has brought the current action for damages and injunctive relief. On March 11, 2008, this Court dismissed claims against J. David Donahue but permitted Ketchem to proceed against two defendants (Wilson and Aramark) on two Eighth Amendment claims that arise from Ketchem's allegations that the defendants have not given him enough food resulting in a dramatic weight loss and that they have not given him a diet free from onions, to which he alleges he is allergic.

The court will first address Wilson's motion for partial judgment on the pleadings. Wilson is the Superintendent of WCF. Ketchem's complaint alleges, with respect to the first claim, that Wilson "is aware of this issue [of an inadequate diet] concerning defendants Aramark." This court has ruled that Ketchem has stated a claim against Wilson with respect to the first claim and Wilson does not take issue with that ruling. However, Wilson points out that the second claim is silent with respect to Wilson. It avers simply that Dr. Brubaker ordered a "no-onion" diet for Ketchem and that "defendants Aramark refused to comply with this order." Thus, Wilson seeks dismissal of this claim as against him for the reason that it is inadequate as a matter of law.

After the pleadings are closed, a defendant may seek dismissal for failure to state a claim by a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c), (h). Where no evidence outside the pleadings is submitted, a motion for judgment on the pleadings will be reviewed under the standard of a Rule 12(b)(6) motion. Paist v. Town and Country Corp., 744 F. Supp. 179 (N.D. Ill. 1990).

It has been said that a complaint should be dismissed for failure to state a claim upon which relief could be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). As black-letter and facile as the Hishon language is, however, the standard for judging the sufficiency of a complaint is not quite so broad or so simple-minded. The Seventh Circuit Court of Appeals has expressly noted that the language "has never been taken literally." Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir. 1984).

If there was any doubt about the standard, it was laid to rest in Bell Atlantic v. Twombly,

127 S.Ct. 1955 (2007). There the Court held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ... Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true.

Id. at 1964-65 (footnote omitted). The Court later observed that the allegations of a complaint must cross not only "the line between the conclusory and the factual" but also the line "between the factually neutral and the factually suggestive." Id. at 1966, n. 5.

It is clear from Bell Atlantic that the Seventh Circuit was correct when it held, in Sutliff, that one cannot take literally the language in Hishon that a court should consider "any set of facts that could be proved consistent with the allegations" of a complaint challenged under Rule 12(b)(6). In fact, this Court has remarked that in Bell Atlantic the Supreme Court "specifically jettisoned" the statement in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim for relief." Brooks v. Wilson, No. 3:07cv278, 2007 WL 2344906 at *1 (N. D. Ind. Aug. 14, 2007); accord, Ryan v. Underwriters Laboratories, Inc., No. 1:06cv1770, 2007 WL 2316474 at *2 (S.D. Ind. Aug. 8, 2007).

In support of his motion, Wilson argues that Ketchem has not alleged any facts implicating Wilson with respect to the request for a "no onion diet". Wilson correctly points out that an allegation that a person is a supervisory official is not sufficient to state an actionable claim against him. See Black v. Lane, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994)(court properly dismissed complaint against defendant when complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

3

Wilson also notes that recovery under Section 1983 against a supervisory official cannot be vicariously imposed by way of a theory of respondeat superior. Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996)("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of respondeat superior; the official must actually have participated in the constitutional wrongdoing"); Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989); Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996)("a supervising prison official cannot incur § 1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right").

Ketchem has not filed a response to Wilson's motion and, in fact, any response would be futile. It is clear that absent a showing of personal involvement by Wilson, claims for damages with respect to the claim regarding the "no onion diet" must be dismissed. Thus, Wilson's request for partial judgment on the pleadings will be granted.

The court will now address Aramark's motion for judgment on the pleadings. Ketchem alleges that while incarcerated at WCF and consuming food provided by Aramark, his weight dropped to from 187 pounds to143 pounds. Ketchem also contends that he was maliciously served reduced portions of food as a result of being housed in segregation, and that Aramark refused to comply with doctor's orders that he be on a no-onion diet.

Aramark first argues that Ketchem's claims fail to state a claim upon which relief can be granted because Section 1983 will not support a claim based on respondeat superior theory of liability. See supra. Aramark point out that it is a corporation and because a corporation can only act through its agents and employees, any alleged unconstitutional actions asserted in Ketchem's complaint would necessarily have been performed by an agent and/or employee of

4

Aramark. Ketchem has failed to address this argument in his response other than stating that "this defense is preposterus [sic]". Clearly, however, Aramark is correct and because Ketchem's claims against Aramark are necessarily based on a respondeat superior theory they cannot be brought under Section 1983.

Next, Aramark argues that Ketchem has failed to allege that it had an impermissible policy or constitutionally forbidden rule. Because respondeat superior is not a recognizable theory under Section 1983, Ketchem must establish an impermissible policy or a constitutionally forbidden rule that was the moving force of the alleged constitutional violation. Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982); see also Page v. Kirby, 314 F. Supp. 2d 619 (N.D. W. Va. 2004)(state inmate sued Aramark under similar circumstances as the case at bar and the court held that because the inmate had not alleged that his constitutional rights were denied as a result of a constitutionally impermissible policy or custom of Aramark, the inmate failed to state a claim against Aramark upon which relief could be granted).

Courts have found that mere conclusory allegations implying the presence of an impermissible policy are insufficient to establish a claim. Ewing v. Budget Rent-A-Car, 1992 WL 276961, *4 (N.D. Ill 1985); Robinson v. City of San Bernardino Police Dep't, 992 F. Supp. 1198, 1204-05 (C.D. Cal. 1998). In his response, Ketchem merely states that he "bases his allegations on the policy and actions of Defendant Aramark in that Aramark is the food service provider to the WCU , in which Ketchem was housed." However, as Aramark correctly argues, pursuant to the 12(b)(6) standard, a plaintiff cannot merely allege that there was such a policy, but rather, must set forth some factual allegations of the policy. Bocanegra v. Books, 2008 WL 2557452, *1 (N.D. Ind. 2008). Further, "on a motion to dismiss, courts are not bound to accept

5

as true a legal conclusion couched as a factual allegation." Bell Atlantic, 127 S.Ct. at 1965. Clearly, in light of the current caselaw, Ketchem's assertions are insufficient to state a Section 1983 claim against Aramark.

As Ketchem cannot maintain a claim against Aramark based upon respondeat superior theory of liability and Ketchem fails to sufficiently assert that Aramark had a constitutionally impermissible policy, constitutionally forbidden rule or procedure which was the moving force of the alleged constitutional violation, Aramark's motion for judgment on the pleadings will be granted.

## Conclusion

Based on the foregoing, Wilson's motion for partial judgment on the pleadings [DE 36] and Aramark's motion for judgment on the pleadings [DE 54] are both hereby GRANTED.

Entered: September 8, 2008.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court